

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2012 JUN 20 D 2:59

AT B...
BY ____ DEPUTY

| | | |
|---|---|---|
| Rod J. Rosenstein<br>United States Attorney<br><br>John F. Purcell<br>Assistant United States Attorney | 36 South Charles Street<br>Fourth Floor<br>Baltimore, Maryland 21201 | DIRECT: 410-209-4855<br>MAIN: 410-209-4800<br>FAX: 410-962-3124<br>TTY/TDD: 410-962-4462<br>Jack.Purcell@usdoj.gov |

June 5, 2012

Paul Hazlehurst, Esq.,
1350 McCormick Road
Executive Plaza II, Suite 705
Hunt Valley, MD 21031

      Re:  United States v. Tavon Dameon Davis
           Criminal Number MJG 11-0657

Dear Mr. Hazlehurst:

    This letter and the enclosed Sealed Supplement confirm the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute both this letter and the Sealed Supplement in the spaces provided.

## Offenses of Conviction

    1.    The Defendant agrees to plead guilty to Counts One and Three of the Superseding Indictment now pending against him in which he is charged, in Count One, with conspiracy to use interstate commerce facilities in the commission of a murder-for-hire, resulting in the death of Isaiah Cortez Callaway, in violation of Title 18 U.S.C. § 1958(a); and, in Count Three, with conspiracy to kill a witness, Isaiah Cortez Callaway, which killing constituted first degree murder, in violation in 18 U.S.C. §§ 1512(a)(1)(C) and (3)(a) and 18 U.S.C. § 1111(a). The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

## Elements of the Offenses

    2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove beyond a reasonable doubt if the case went to trial, are as follows:

As to Count One of the Superseding Indictment (conspiracy to use interstate communications facilities to commit murder-for-hire, 18 U.S.C. § 1958(a)) that between on or about December 29, 2010 and April 11, 2011, in the District of Maryland, the Defendant knowingly and unlawfully conspired with at least one other person to use and cause another to use a facility in interstate commerce, to wit, various cellphones and telephones that are part of the interstate telecommunications system; with intent that the unlawful killing with malice aforethought of Isaiah Cortez Callaway be committed in violation of the laws of the United States, to wit, the offenses charged in Counts Three, Four and Five of the Superseding Indictment, and in violation of the laws of the State of Maryland, to wit, MD Code, Criminal Law, § 2-201, first degree murder(which provides that a murder is in the first degree if it is a deliberate, premeditated, and willful killing); and MD Code, Criminal Law, § 2-204, second degree murder (which is the unlawful killing of a human being with malice aforethought); as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value, that the Defendant intended that the death of Isaiah Cortez Callaway would result and that the death of Isaiah Cortez Callaway did in fact result.

As to Count Three of the Superseding Indictment (conspiracy to murder a witness, 18 U.S.C. § 1512(a)) that between on or about December 29, 2010 and April 11, 2011, the Defendant and at least one other person knowingly and unlawfully conspired to kill Isaiah Cortez Callaway; with the intent that the killing prevent the communication to a federal law enforcement officer by Isaiah Cortez Callaway of information relating to the commission and possible commission of a federal offense, to wit, bank fraud and conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349 respectively, and that the conspiracy resulted in the first degree murder of Isaiah Cortez Callaway, in violation of 18 U.S.C. § 1111(a), in that the unlawful killing was willful, deliberate, malicious, and premeditated.

## Penalties

3. As to both Counts One and Three, the maximum sentence provided by statute is a mandatory sentence of life imprisonment without parole, followed by a five year term of supervised release and a fine of $250,000.[1] In addition, the Defendant must pay $100 for each count of conviction as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[2] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. Subject to the preliminary agreement as set forth above, the terms of which void this plea agreement in the event the Attorney General directs that this Office seek the death penalty against the Defendant, the Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a. If the Defendant had persisted in his plea of not guilty,

---

[1] The parties understand and agreed that the Defendant was eligible for the death penalty as to Counts One-Five. Subject to the Defendant's satisfactory compliance with the terms set forth in the Sealed Supplement, the Attorney General authorized and directed the United States Attorney not to seek the death penalty.

[2] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in paragraph 11 ("Waiver of Appeal"), to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up

and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      g. If the Court accepts the Defendant's plea of guilty, there will be no trial and the Court will find him guilty.

      h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and, if he is not an American citizen, be subject to deportation or other loss of immigration status.

### Advisory Sentencing Guidelines Apply

      5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

      6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A, which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

### Stipulated Advisory Sentencing Guideline Factors

      (a). As to Count One (conspiracy to commit murder-for-hire), the parties stipulate and agree that the applicable advisory base offense level is 43 (LIFE) pursuant to U.S.S.G. § 2E1.4(a)(2) and U.S.S.G. § 2A1.1(a)(use of interstate commerce facilities in the commission of a murder-for-hire in which the underlying conduct is a first degree/premeditated murder).

      As to Count Three (witness murder), the parties stipulate and agree that the applicable advisory base offense level is 43 (LIFE) pursuant to U.S.S.G. § 2A1.1(a)(first degree murder as defined at 18 U.S.C. § 1111(a)). The *combined* offense level is 45

(LIFE), pursuant to the grouping provisions of U.S.S.G. § 3D1.4(a).

(b). The parties understand and agree that since a life sentence is required by statute as to Counts One and Three, no adjustment pursuant to U.S.S.G. § 3E1.1 (acceptance of responsibility) may be imposed despite that it might otherwise apply. The only permissible departure (or adjustment) to the sentences imposed for Counts One and Three is a departure for substantial assistance (U.S.S.G. 5K1.1) which is permitted pursuant to 18 U.S.C. § 3553(e). See, U.S.S.G. § 2A1.1 n.2(A).

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offenses level or criminal history category if he is a career offender.[3]

### Agreement Pursuant to Fed. R. Crim P. 11(c)(1)(C) to a Sentence of Imprisonment of 35 Years

8. (a) The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that, as to Counts One and Three, concurrent sentences of **thirty-five (35 years)** imprisonment without parole constitute an appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful fine or term of supervised release or to set any lawful conditions of probation or supervised release.

(b) In the event that the Court *rejects* the concurrent thirty-five year sentences agreed to by the parties, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his guilty plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

### Obligations of the United States Attorney's Office

9. Pursuant to the terms of this agreement and the Sealed supplement, at the time of sentencing this Office will recommend

---

[3] Although no formal agreement has been reached as to the Defendant's Criminal History Category, the parties have examined his criminal record and believe that the Defendant is not a Career Offender as defined at U.S.S.G. § 4B1.1.

the imposition of the concurrent thirty-five year sentences to Counts One and Three of the Superseding Indictment that have been agreed to by the parties pursuant to FRE 11 (c)(1)(C). At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the original Indictment and the Superseding Indictment that this Office has agreed to dismiss at sentencing.

### Waiver of Appeal By Both Parties

11. Subject to the preliminary agreement set forth above, the Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, and any fine, term of supervised release, or order of restitution and any issues that relate to the establishment of the advisory guidelines range, *except* as follows: the government reserves the right to appeal any sentence *less* than 35 years as to Counts One and Three and the Defendant reserves the right to appeal any sentence that *exceeds* 35 years as to Counts One and Three. Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35 (a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Entire Agreement

12. **This agreement supersedes any prior understandings, promises, or conditions between this Office and the Defendant and constitutes the complete plea agreement in this case.** The Defendant acknowledges that there are no other formal or informal agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing

and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter and the provisions of the Sealed Supplement please sign and have the Defendant sign the originals of both and return them to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By _____
John F. Purcell, Jr.
Assistant United States Attorney

I have read this agreement and carefully reviewed every part of it, including the Sealed Supplement, Stipulated Advisory Guidelines and Stipulated Statement of Facts, with my attorneys. I understand the agreement and I voluntarily agree to it. I understand my obligations under the agreement and that it provides for **concurrent sentences of 35 years imprisonment** pursuant to Rule 11(c)(1)(C) as to Counts One and Three of the Superseding Indictment. I do not wish to change any part of this agreement. I also confirm that I completely satisfied with the representation of my attorneys.

6-18-12
Date

_____
Tavon Dameon Davis
Defendant

We are Tavon Davis's attorneys. We have carefully reviewed every part of this agreement with him, including the Sealed Supplement. He has advised us that he understands that he has agreed to concurrent sentences of thirty-five years by the terms of the agreement as to Counts One and Three of the Superseding Indictment. He has confirmed that he is fully satisfied with our

representation of him and our advice to him in this matter. To our
knowledge, his decision to enter into this agreement is an informed
and voluntary one.

_6/18/12_  
Date

_6/18/12_  
Date

_[signature]_  
Paul Hazlehurst, Esq.

_[signature]_  
Co-Counsel