**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1084

In re: TAVON DAMEON DAVIS,

        Petitioner.

On Petition for Extraordinary Writ. (1:11-cr-00657-MJG-1)

Submitted: April 27, 2021                                        Decided: May 3, 2021

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Tavon Dameon Davis, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tavon Dameon Davis petitions this court for an extraordinary writ of error in which he seeks to challenge his 2012 convictions and sentence for conspiracy to use interstate communication facilities in the commission of murder for hire, in violation of 18 U.S.C. § 1958(a), and conspiracy to murder a witness resulting in death, in violation of 18 U.S.C. § 1512(a)(1)(C), (3)(A). We deny the petition.

This court's authority to issue extraordinary writs pursuant to Fed. R. App. P. 21 is governed by the All Writs Act ("the Act"), 28 U.S.C. § 1651. Under the Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act "is a residual source of authority to issue writs that are not otherwise covered by statute." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks omitted). Due to the Act's residual nature, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* (internal quotation marks omitted). Thus, prisoners may not resort to the Act, or to the common law writs it authorizes, when there is another available remedy. *See, e.g., United States v. Swaby*, 855 F.3d 233, 238 (4th Cir. 2017) ("A writ of coram nobis is an exceptional remedy that may be granted only when a fundamental error has occurred and no other available remedy exists."); *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (recognizing that a writ of audita querela is unavailable if the petitioner has other relief available).

Because Davis may attempt to challenge the validity of his convictions and sentence in the district court through a motion pursuant to 28 U.S.C. § 2255, Davis fails to satisfy

the requirements for relief under the Act.* We therefore grant Davis' motion to file excess pages in support of his petition but deny Davis' petition for an extraordinary writ. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

    * The record reflects that Davis has not previously filed a § 2255 motion in the district court. We express no opinion as to the timeliness of such a motion or on the merits of Davis' claims.